UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | Civil Action No.: 1:17-cv-2853 |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) | |
| *Defendant* | ) ) | |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, ("FOIA") 5 U.S.C § 552, seeking wrongfully withheld agency records relating to United States Citizens undergoing detention or removal proceedings by U.S. Immigration and Customs Enforcement ("ICE").

2. Plaintiff Jacqueline Stevens ("Prof. Stevens") seeks declaratory, injunctive and all other appropriate relief with respect to the unlawful withholding of agency records by ICE.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B). Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C. §2201-2202. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Prof. Stevens resides within this District.

### Parties

4. Plaintiff is a Professor of Political Science and the Director of the Deportation Research Clinic at Northwestern University, in Cook County, Illinois. Prof. Steven's office and principal residence are in Cook County, Illinois.

1

5. Defendant ICE is an executive agency of the United States government and is principally responsible for enforcing federal immigration laws. ICE is an agency within the meaning of 5 U.S.C. § 522(f)(1). ICE is an agency within the U.S. Department of Homeland Security ("DHS").

6. ICE has custody, possession, and control over the agency records sought by Prof. Stevens under the Act, and ICE had such custody, possession, and control at the time the records were requested.

### Factual Background

7. In 2011, Prof. Stevens published a scholarly article in the *Virginia Journal of Social Policy & the Law* detailing the U.S. government's unlawful detention and deportation of U.S. Citizens. The article estimated that from 2003 to 2010, "more than 20,000 U.S. Citizens were detained or deported," and identified as the cause, "laws and regulations mandating detention and deportation of hundreds of thousands of incarcerated people without attorneys."[1] This article was featured in several publications and drew attention to the practice.[2] Prof. Stevens also wrote an opinion piece published in the *New York Times* on the issue.[3]

---

[1] Jacqueline Stevens, "U.S Government Unlawfully Detaining and Deporting U.S. Citizens as Aliens," *Virginia Journal of Social Policy & the Law,* Spring, 2011, *available at* http://jacquelinestevens.org/StevensVSP18.32011.pdf .

[2] *New York Times*, "Immigration Crackdown Snares Americans" December, 2011, *available at* http://www.nytimes.com/2011/12/14/us/measures-to-capture-illegal-aliens-nab-citizens.html?pagewanted=all ; Christian Science Monitor, "Deported teen returns to U.S. How many Americans are mistakenly banned" January, 2012, *available at* http://www.csmonitor.com/USA/2012/0107/Deported-teen-returns-to-US.-How-many-Americans-are-mistakenly-banished .

[3] Jacqueline Stevens, "Citizenship to Go," *New York Times* May, 2012, *available at* http://www.nytimes.com/2012/05/18/opinion/citizenship-to-go.html .

8.      Since 2011, Prof. Stevens has continued to research, investigate and publish on the subject of deportation of U.S. Citizens. In 2012, she founded the Deportation Research Clinic for the purpose of studying government misconduct in deportation proceedings.[4] Many of the cases she studied have become lawsuits on behalf of the detained U.S. Citizens, and have been widely reported.[5]

9.      Prof. Stevens has spent years researching improper deportations of U.S. Citizens, working to identify systemic protocols and misconduct underlying the deportation of U.S. Citizens. A primary tool in her research efforts has been obtaining and reviewing U.S. government documents pursuant to FOIA requests.

10.     In 2013, Prof. Stevens filed a FOIA request in response to officials' claims in the *New Yorker Magazine* that reforms have been made.[6] ICE was not responsive until February of 2015.[7] Prof. Stevens's FOIA request resulted in the issue once again gaining national attention.[8]

---

[4] Jacqueline Stevens, "Forensic Intelligence and the Deportation Research Clinic: Toward a New Paradigm," Perspectives on Politics, September, 2015, *available at* https://www.cambridge.org/core/journals/perspectives-on-politics/article/forensic-intelligence-and-the-deportation-research-clinic-toward-a-new-paradigm/0ABA0DEA34330E5F755A628FAB0C5CCB

[5] *See, e.g.*, NPR, "You Say You're An American, But What If You Had to Prove it or be Deported?" December, 2016 *available at* http://www.npr.org/sections/thetwo-way/2016/12/22/504031635/you-say-you-re-an-american-but-what-if-you-had-to-prove-it-or-be-deported; *States Without Nations* blogpost, *available at* http://stateswithoutnations.blogspot.com/2016/02/how-many-us-attorneys-and-assistant.html; NPR "In Rush to Deport, Expelling U.S. citizens." *Available at* http://www.npr.org/2011/10/24/141500145/in-the-rush-to-deport-expelling-u-s-citizens;

[6] See Prof. Stevens FOIA request *available at* http://governmentillegals.org/ICE-FOIA-JohnMortonDataREQUEST-05292013.pdf; John Morton, Letter, *New Yorker, available at* http://www.newyorker.com/magazine/2013/05/27/mail-20

[7] Documents available at http://governmentillegals.org/ICE-FOIA-JohnMortonData-2015-ICFO-00500.pdf

[8] See NPR, "You Say You're An American, But What If You Had to Prove it or be Deported?" December, 2016. *available at* http://www.npr.org/sections/thetwo-way/2016/12/22/504031635/you-say-you-re-an-american-but-what-if-you-had-to-prove-it-or-be-deported .

11. Under the new administration, deportation proceedings have increased significantly, generating national conversation around the issue of ICE policies and procedures, including those surrounding the deportation of U.S. Citizens.[9]

### The FOIA Request

12. On February 13th, 2017, Prof. Stevens submitted the following expedited request to the appropriate ICE email address, ice-foia@dhs.gov:

> I write under the Freedom of Information Act to request all correspondence on the detention or removal proceedings for people claiming or proving U.S. citizenship since January 1, 2017.
>
> This request includes, but is not limited to email received by or sent to an email address established by ICE for the purpose of assessing claims of US citizenship.
>
> Please note that on November 19, 2009, then Asst. Sec. of ICE, John Morton wrote in part: "If the individual's claim is credible on its face, or if the investigation results in probative evidence that the detained individual is a USC, the individual should be released from detention. *Any significant change in circumstances should be reported to the "USC Claims DRO" e-mailbox and the "OPLA Field Legal Ops" e-mail box."*
> https://www.ice.gov/doclib/detention-reform/pdf/usc_guidance_nov_2009.pdf
>
> I am requesting all correspondence as well as all attachments and referenced reports, notes, text messages, or any other information maintained in any medium associated with the reported cases. I would appreciate it if you contact the relevant personnel at CBP, ICE OGC, ERO, and OPLA for this request.
>
> The time frame for this request is January 17, 2017 to the present.
>
> I will be using this information for my research, teaching, and scholarly as well as popular publications and therefore am requesting a waiver of all fees. For documentation of the public impact of this research, please see http://buffett.northwestern.edu/program/deportationresearch/

---

[9] See *The Daily Beast*, "American Citizen Trapped in ICE Jail" March, 2017, *available at* http://www.thedailybeast.com/articles/2017/03/31/american-citizen-trapped-in-ice-jail.html; Prison Legal News, "Ignorance, Bureaucracy and Red Tape: U.S. Citizens Mistakenly Deported" April, 2017, *available at* https://www.prisonlegalnews.org/news/2017/apr/3/ignorance-bureaucracy-and-red-tape-us-citizens-mistakenly-deported/; Asbury Park Press, "How ICE Can Detain U.S. Citizens," March, 2017, *available at* http://www.app.com/story/news/local/public-safety/2017/03/23/immigration-know-your-rights-trump-freehold/99459216/ .

> Please note that my work on the detention and deportation of U.S. citizens has been published in the NY Times and reported on in the New Yorker magazine.
>
> If you have any questions, please feel free to contact me here or at …

Exhibit 1.

13. ICE provided Prof. Stevens neither a tracking number nor any documents in the within the ten working days following her February 13, 2017 FOIA request.

14. On March 16, 2017 the ICE FOIA office sent an e-mail to Prof. Stevens, stating:

> The ICE FOIA office is currently working through entering a backlog of new FOIA requests. Once your request has been entered into our system you will receive an acknowledgment e-mail along with a tracking number assigned to your request.

Exhibit 1.

15. Thus, as of March 16, 2017—more than one month after Prof. Stevens's February 13th request—ICE had provided neither a tracking number, nor an acknowledgment, nor any records, nor a substantive response to Prof. Stevens.

16. As of the date of filing this Complaint, more than forty working days have elapsed since Prof. Stevens's February 13th request—twice the statutory time period allowed for ICE to produce responsive agency records in the normal course. Yet, as of the date of filing this Complaint, Prof. Stevens has received no records from ICE.

17. On information and belief, records existed and exist under ICE's possession, custody, and control, which are responsive to and should have been produced in response to Prof. Stevens's February 13, 2017 request, and which ICE has neither produced nor explained why they were being withheld.

**Exhaustion of Administrative Remedies**

18. ICE has failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6), and pursuant to that statute, Prof. Stevens has constructively exhausted all administrative remedies.

**Claim for Relief:**
**Count I - Violation of the FOIA**

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Plaintiff has a legal right under the FOIA to obtain agency records as requested from Defendant ICE on February 13, 2017.

21. No legal basis exists for Defendant ICE's failure to adequately search for and promptly disclose responsive agency records in accordance with the timing and other requirements of the Act.

22. ICE's failure to make reasonable efforts to search for responsive agency records, and its wrongful withholding of agency records sought in connection with Prof. Stevens's February 13, 2017 request violates the FOIA, as well as DHS regulations promulgated thereunder.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff requests that judgment entered in her favor and against Defendant, and that the Court:

    A. Order Defendant and any of Defendant's agents or other persons, departments, or components acting for, with, by, through, or under them, to conduct a prompt, reasonable search for records responsive to Plaintiff's request under the FOIA;

B. Permanently enjoin and restrain Defendant and any of Defendant's agents or other persons, departments, or components acting for, with, by, through, or under them from withholding the agency records at issue in this case;

C. Declare that the requested records are not exempt from disclosure under FOIA, and order Defendant to disclose the requested records in their entirety and make copies available to the Plaintiff;

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and,

E. Award all other relief to Plaintiff that the Court deems just, equitable, and proper.

Dated: April 14, 2017

Respectfully submitted,

/s/ R. Andrew Free
**R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Tel. 844-321-3221
Fax: 615-829-8959
Andrew@immigrantcivilrights.com
*Counsel for the Plaintiff*