UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND )<br>SECURITY, IMMIGRATION AND )<br>CUSTOMS ENFORCEMENT, )<br>)<br>Defendant. ) | No. 17 C 2853<br><br>Judge Pallmeyer |

**LR 56.1 STATEMENT OF MATERIAL FACTS
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, submits the following statement of material facts as to which there is no genuine issue pursuant to Local Rule 56.1 of the United States District Court for the Northern District of Illinois.

**Jurisdiction and Venue**

1. This is an action brought under the Freedom of Information Act ("FOIA"), and the court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552 and 28 U.S.C. § 1331. Dkt. 8, Answer ¶¶ 1, 3.

2. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because plaintiff Jacqueline Stevens resides within this district. *Id.* ¶ 3.

**Parties**

3. Plaintiff Jacqueline Stevens is a Professor of Political Science and the Director of the Deportation Research Clinic at Northwestern University in Cook County, Illinois. *Id.* ¶ 4.

4. ICE is a component of the U.S. Department of Homeland Security and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). *Id.* ¶ 5.

**Undisputed Facts**

5. The U.S. Department of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject of certain exceptions. Ex. A, Pavlik-Keenan Decl. ¶ 50.

6. ICE is the principal investigative arm of the department and is tasked with preventing any activities that threaten national security and public safety by, among other things, investigating individuals who may be present in the United States illegally. *Id.* ¶¶ 18, 50-51.

7. Since November 2015, ICE has had a procedure in place that requires its officers, agents, and attorneys to carefully and expeditiously assess the potential U.S. citizenship of any individual encountered by ICE, whether that individual makes an affirmative claim of citizenship or ICE personnel before aware of certain indicia of citizenship. *Id.* ¶¶ 20-25.

8. Regardless of the citizenship-claim trigger (affirmative claim or indicia), ICE documents these citizenship claims via alert emails to shared inboxes maintained by two ICE program offices: the Office of the Principal Legal Advisor ("OPLA") and Enforcement Removal Operations ("ERO"). *Id.*

9. A citizenship claim also prompts the creation of a memorandum containing a factual examination and legal analysis of the claim. *Id.*

10. Each memorandum is created by an OPLA attorney working in conjunction with ICE officers and agents, assesses the citizenship claim, and recommends a course of action. *Id.*

11. The memorandum is then submitted by the OPLA attorney to the ERO and Immigration Law and Practice Division of OPLA at ICE Headquarters. *Id.* Because the memorandum is prepared by an agency attorney and contains a recommendation regarding the citizenship claim, it is marked draft, pre-decisional and deliberative, privileged attorney-client communication, attorney work product, and as containing sensitive personally identifiable information. *Id.*

12. The ERO and Immigration Law and Practice Division subsequently respond to the memorandum by concurring or dissenting with the recommended course of action. *Id.*

13. Once that final decision is rendered, the memorandum is finalized and sent by email to the shared inboxes maintained by ERO and OPLA. *Id.*

14. ICE officers and agents also make a notation of the final decision in the appropriate case management system and/or databases and place a copy of the memorandum and resulting decision—marked as attorney work product, attorney-client communication, and as containing sensitive PII—in the appropriate case management system and/or databases. *Id.* ICE attorneys similarly save a copy of the memorandum and document the resulting decision and other information in OPLA's case-management system. *Id.*

15. Stevens submitted a FOIA request to ICE in February 2017 seeking "all correspondence on the detention or removal proceedings for people claiming or providing U.S. citizenship since January 1, 2017. This request includes, but is not limited to email received by or sent to an email address established by ICE for the purpose of assessing claims of US citizenship." *Id.* ¶ 7. The request further stated that Stevens was "requesting all correspondence as well as all

attachments and referenced reports, notes, text messages, or any other information maintained in any medium associated with the reported cases." *Id.* The time frame of the request was January 1, 2017, to the present. *Id.*

16. Stevens subsequently filed this lawsuit in April 2017. *Id.* ¶ 9.

17. Following receipt and review of Stevens's FOIA request, the ICE FOIA office determined that OPLA and ERO were the only program offices likely to have records responsive to the request and instructed these two offices to search for and provide all responsive records to the ICE FOIA office for review and processing. *Id.* ¶¶ 14-19.

18. In response, OPLA collected correspondence and any accompanying attachments from the attorneys who drafted citizenship-claim memoranda from January 1, 2017, to about mid-May 2017, as requested in Stevens's FOIA request, as well as correspondence and accompanying attachments to and from attorneys that was sent to the OPLA shared-email inbox for U.S. citizenship claims. *Id.* ¶¶ 11, 26-29.

19. OPLA then provided these documents to the ICE FOIA office in May 2017. *Id.*

20. ERO, on the other hand, concluded following a review of its shared-email inbox that it would not possess any responsive documents that differed from the responsive documents OPLA collected in response to Stevens's FOIA request, and it thus deferred to OPLA to provide the responsive documents to the ICE FOIA office. *Id.* ¶¶ 30-35.

21. The ICE FOIA office reviewed the responsive documents provided by OPLA and determined that the documents contained sensitive and/or privileged information as well as personally identifiable information. *Id.* ¶ 36.

22. As a result, the ICE FOIA office conducted a line-by-line review of each responsive document, applied redactions to the documents in accordance with FOIA exemptions 5, 6, 7(C),

and 7(E), and released the documents to Stevens over multiple productions between July 2017 and April 2018. *Id.* ¶¶ 11-13, 40-66.

23. ICE also confirmed that all information not exempted from disclosure by FOIA exemptions 5, 6, 7(C), and 7(E) was correctly segregated and released to Stevens. *Id.* ¶¶ 64-66. ICE did not withhold any non-exempt information on the grounds it was non-segregable. *Id.*

24. ICE subsequently prepared a *Vaughn* index describing each redaction and the applicable exemption in the first 150 pages of two productions ICE made to Stevens, as agreed to by the parties. *Id.* ¶¶ 6, 37-40.

25. The redactions and applicable exemptions described in the *Vaughn* index ICE has prepared are representative of those in the remaining documents ICE produced to Stevens in response to her FOIA request. *Id.* ¶ 37.

                                                                       Respectfully submitted,

                                                                       JOHN R. LAUSCH, Jr.
                                                                       United States Attorney

                                                     By: s/ Prashant Kolluri
                                                        PRASHANT KOLLURI
                                                        Assistant United States Attorney
                                                        219 South Dearborn Street
                                                        Chicago, Illinois 60604
                                                        (312) 886-9085
                                                        prashant.kolluri@usdoj.gov