UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACQUELINE STEVENS,    )
             )
      Plaintiff,  )
             )
      v.    )  No. 17 C 2853
             )
U.S. DEPARTMENT OF HOMELAND )  Judge Pallmeyer
SECURITY, IMMIGRATION AND  )
CUSTOMS ENFORCEMENT,   )
             )
      Defendant. )

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Table of Contents**

Introduction ................................................................................................................................. 1

Background .................................................................................................................................. 1

A. ICE and U.S. Citizenship Claims ......................................................................................... 1

B. Stevens's FOIA Request ....................................................................................................... 3

C. ICE and U.S. Citizenship Claims ......................................................................................... 3

Legal Standard ............................................................................................................................ 4

Argument ..................................................................................................................................... 6

    I.  ICE Conducted an Adequate Search for Responsive Records ...................................... 6

    II.  No Information Was Improperly Withheld under the FOIA. ....................................... 7

        A.  ICE Properly Withheld Privileged Information Under Exemption 5. ............. 7

        B.  ICE Properly Withheld Information under Exemption 6 .............................. 11

        C.  ICE Also Properly Withheld Personally Identifiable Information under

        Exemption 7(C) ............................................................................................ 13

        D.  ICE Properly Relied on Exemption 7(E) to Withhold Law Enforcement

        Information. .................................................................................................. 15

    III. ICE Reasonably Segregated All Exempted Information. ........................................... 16

Conclusion ................................................................................................................................ 17

## Table of Authorities

### Cases

*Am. Immigration Counsel v. U.S. Dep't of Homeland Security,* 950 F. Supp. 2d 221 (D.D.C. 2013) ............................................................................................................................ 14

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................... 5

*Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62 (2d Cir. 2008) ....................... 12

*Banks v. U.S. Dep't of Justice*, 813 F. Supp. 2d 132 (D.D.C. 2011) ........................... 12

*Barmes v. I.R.S.,* 60 F. Supp. 2d 896 (S.D. Ind. 1998) ............................................... 7, 9

*Bassiouni v. C.I.A.*, 02 C, 4049, 2004 WL 1125919 (N.D. Ill. Mar. 31, 2004) ........... 5

*Bennington v. Caterpillar Inc.*, 275 F.3d 654 (7th Cir. 2001) ...................................... 5

*Carney v. U.S. Dep't of Justice*, 19 F.3d 807 (2d Cir. 1994) ..................................... 5, 6

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ............................................................. 4

*Chem. Manufacturers Ass'n v. Consumer Prod. Safety Comm'n*, 600 F. Supp. 114 (D.D.C. 1984) ........................................................................................................... 10

*Conservation Force v. Jewell,* 66 F. Supp. 3d 46 (D.D.C. 2014) ................................. 9

*Demma v. U.S. Dep't of Justice*, 93 C 7296, 1996 WL 11932 (N.D. Ill. Jan. 10, 1996) ............... 6

*Enviro Tech Int'l, Inc. v. E.P.A.*, 371 F.3d 370 (7th Cir. 2004) ................................... 7

*Fitzgibbon v. C.I.A.*, 911 F.2d 755 (D.C. Cir. 1990) .................................................. 14

*Hammouda v. U.S. Dep't of Justice*, 920 F. Supp. 2d 16 (D.D.C. 2013) ................... 15

*Hart v. F.B.I.*, 95 C 2110, 1996 WL 403016 (7th Cir. July 16, 1996)........................ 6

*Higgins v. U.S. Dep't of Justice*, 919 F. Supp. 2d 131 (D.D.C. 2013) ....................... 14

*Hodge v. F.B.I.*, 703 F.3d 575 (D.C. Cir. 2013) ........................................................ 14

*In re Grand Jury,* 475 F.3d 1299 (D.C. Cir. 2007)....................................................... 8

*In re Sealed Case,* 146 F.3d 881 (D.C. Cir. 1998)........................................................ 9

*Jordan v. U.S. Dep't of Labor,* 273 F. Supp. 3d 214 (D.D.C. 2017)............................ 8

*Judicial Watch, Inc. v. U.S. Dep't of Treasury,* 802 F. Supp. 2d 185 (D.D.C. 2011) .................. 8

*Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136 (1980) ........... 5

*Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70 (2d Cir. 1979)... 16

*Lepelletier v. F.D.I.C.*, 164 F.3d 37 (D.C. Cir. 1999).............................................................. 11, 12

*Loving v. U.S. Dep't of Defense*, 550 F.3d 32 (D.C. Cir. 2008) .................................... 10

*Matter of Wade*, 969 F.2d 241 (7th Cir. 1992) ............................................................. 17

*Mayer Brown LLP v. I.R.S.*, 562 F.3d 1190 (D.C. Cir. 2009) ...................................... 15

*Miller v. U.S. Dep't of Justice*, 872 F. Supp. 2d 12 (D.D.C. 2012).............................. 16

*Miscavige v. I.R.S.*, 2 F.3d 366 (11th Cir. 1993) ........................................................... 5

*Muttitt v. Dep't of State*, 926 F. Supp. 2d 284 (D.D.C. 2013) ....................................... 8

*N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132 (1975)................................................. 8

*Natural Res. Defense Council, Inc. v. Nuclear Regulatory Comm'n,* 216 F.3d 1180 (D.C. Cir. 2000)........................................................................................................................... 7

*Nat'l Archives and Records Admin. v. Favish,* 541 U.S. 157 (2004) ........................... 12

*Nat'l Ass'n of Criminal Def. Lawyers v. U.S. Dep't of Justice Executive Office for U.S. Attorneys,* 844 F.3d 246 (D.C. Cir. 2016) ...................................................................... 9

*Nat'l Sec. Counselors v. C.I.A.,* 206 F. Supp. 3d 241 (D.D.C. 2016).......................... 10

*Patterson v. I.R.S.*, 56 F.3d 832 (7th Cir. 1995) ...................................................... 5, 17

*Pratt v. Webster,* 673 F.2d 408 (D.C. Cir. 1982) ......................................................... 14

*Prison Legal News v. Samuels,* 787 F.3d 1142 (D.C. Cir. 2015) ................................. 13

*Pub. Employees for Envtl. Responsibility v. E.P.A.,* 213 F. Supp. 3d 1 (D.D.C. 2016) ................ 8

*Pub. Employees for Envtl. Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico,* 740 F.3d 195 (D.C. Cir. 2014).................................................................... 14

*Reilly v. U.S. Dep't of Energy,* 07 C 995, 2007 WL 4548300 (N.D. Ill. Dec. 18, 2007) ............ 10

*Roseberry-Andrews v. U.S. Dep't of Homeland Sec.*, 16 C 63, 2018 WL 1307635 (D.D.C. Mar. 13, 2018)........................................................................................................................ 16

*SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197 (D.C. Cir. 1991)............................. 14

*Schiller v. N.L.R.B.*, 964 F.2d 1205 (D.C. Cir. 1992) ..................................................... 9

*Stevens v. U.S. Dep't of Homeland Sec.*, 13 C 3882, 2014 WL 5796429 (N.D. Ill. Nov. 4, 2014) .................................................................................... 4, 5, 16

*Tax Analysts v. I.R.S.*, 117 F.3d 607 (D.C. Cir. 1997) .................................................. 10

*U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487 (1994) ......................... 12, 13

*U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749 (1989) ......... 13

*U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136 (1989) ............................................. 7

*U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595 (1982) .................................... 11

*Upjohn Co. v. United States,* 449 U.S. 383 (1981) ....................................................... 9

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) ........................................................ 4

*100Reporters LLC v. U.S. Dep't of Justice,* 248 F. Supp. 3d 115 (D.D.C. 2017) ................. 13, 14

## Statutes

5 U.S.C. § 552 ................................................................................................. 1

5 U.S.C. § 552(a)(4)(B) ...................................................................................... 7

5 U.S.C. § 552(b) ........................................................................................... 7, 16

5 U.S.C. § 552(b)(5) .......................................................................................... 7

5 U.S.C. § 552(b)(6) ......................................................................................... 11

5 U.S.C. § 552(b)(7)(C) ..................................................................................... 13

5 U.S.C. § 552(b)(7)(E) ..................................................................................... 15

## Introduction

This is an action for the release of records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff Jacqueline Stevens asserts that the United States Immigration and Customs Enforcement ("ICE") improperly withheld information in response to her February 2017 FOIA request for correspondence relating to United States citizenship claims. Stevens's FOIA request, however, seeks communications to and from agency attorneys that contain both privileged information and the personally identifiable information of third parties and ICE employees. ICE thus conducted a search for records responsive to Stevens's request and released all information to Stevens that is not exempt from disclosure under FOIA exemptions 5, 6, 7(C), and 7(E). Because ICE conducted a reasonable search in response to Stevens's FOIA request, and because ICE has not improperly withheld any information, it is entitled to summary judgment in this case.

## Background

### A.      ICE and U.S. Citizenship Claims

The U.S. Department of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject of certain exceptions. Defendant's LR. 56.1 Statement of Material Facts ("SMF") ¶ 5. ICE is the principal investigative arm of DHS and is tasked with preventing any activities that threaten national security and public safety by, among other things, investigating individuals who may be present in the United States illegally. *Id.* ¶ 6.

Since November 2015, ICE has had a procedure in place that requires its officers, agents, and attorneys to carefully and expeditiously assess the potential U.S. citizenship of any individual encountered by ICE, whether that individual makes an affirmative claim of citizenship or ICE personnel become aware of certain indicia of citizenship. *Id.* ¶ 7. Regardless of the citizenship-

claim trigger (affirmative claim or indicia), ICE documents these citizenship claims via alert emails to shared inboxes maintained by two ICE program offices: the Office of the Principal Legal Advisor ("OPLA") and Enforcement Removal Operations ("ERO"). *Id.* ¶ 8. A citizenship claim also prompts the creation of a memorandum containing a factual examination and legal analysis of the claim. *Id.* ¶ 9. Each memorandum is created by an OPLA attorney working in conjunction with ICE officers and agents, assesses the citizenship claim, and recommends a course of action. *Id.* ¶ 10.

The memorandum is then submitted by the OPLA attorney to ERO and the Immigration Law and Practice Division of OPLA at ICE Headquarters. *Id.* ¶ 11. Because the memorandum is prepared by an agency attorney and contains a recommendation regarding the citizenship claim, it is marked draft, pre-decisional and deliberative, privileged attorney-client communication, attorney work product, and as containing sensitive personally identifiable information. *Id.* ERO and Immigration Law and Practice Division subsequently respond to the memorandum by concurring or dissenting with the recommended course of action. *Id.* ¶ 12. Once that final decision is rendered, the memorandum is finalized and sent by email to the shared inboxes maintained by ERO and OPLA. *Id.* ¶ 13. ICE officers and agents also make a notation of the final decision in the appropriate case management system and/or databases and place a copy of the memorandum and resulting decision, which are marked as attorney work product, attorney-client communication, and as containing sensitive PII, in the appropriate case management system and/or databases. *Id.* ¶ 14. ICE attorneys similarly save a copy of the memorandum and document the resulting decision and other information in OPLA's case-management system. *Id.*

**B.      Stevens's FOIA Request**

Stevens submitted a FOIA request to ICE in February 2017 seeking "all correspondence on the detention or removal proceedings for people claiming or providing U.S. citizenship since January 1, 2017.  This request includes, but is not limited to email received by or sent to an email address established by ICE for the purpose of assessing claims of US citizenship."  *Id.* ¶ 15.  The request further stated that Stevens was "requesting all correspondence as well as all attachments and referenced reports, notes, text messages, or any other information maintained in any medium associated with the reported cases."  *Id.*  The time frame of the request was January 1, 2017, to the present.  *Id.*  Stevens subsequently filed this lawsuit in April 2017.  *Id.* ¶ 16.

**C.      ICE's Response to the FOIA Request**

Following receipt and review of Stevens's FOIA request, the ICE FOIA office determined that OPLA and ERO were the only program offices likely to have records responsive to the request and instructed these two offices to search for and provide all responsive records to the ICE FOIA office for review and processing.  *Id.* ¶ 17.  In response, OPLA collected correspondence and any accompanying attachments from the attorneys who drafted citizenship-claim memoranda from January 1, 2017, to about mid-May 2017, as requested in Stevens's FOIA request, as well as correspondence and accompanying attachments to and from attorneys that was sent to the OPLA shared-email inbox for U.S. citizenship claims.  *Id.* ¶ 18.  OPLA then provided these documents to the ICE FOIA office in May 2017.  *Id.* ¶ 19.  ERO, on the other hand, concluded following a review of its shared-email inbox that it would not possess any responsive documents that differed from the responsive documents OPLA collected in response to Stevens's FOIA request, and it thus deferred to OPLA to provide the responsive documents to the ICE FOIA office.  *Id.* ¶ 20.

The ICE FOIA office reviewed the responsive documents provided by OPLA and determined that the documents contained sensitive and/or privileged information as well as personally identifiable information. *Id.* ¶ 21. As a result, the ICE FOIA office conducted a line-by-line review of each responsive document, applied redactions to the documents in accordance with FOIA exemptions 5, 6, 7(C), and 7(E), and released the documents to Stevens over multiple productions between July 2017 and April 2018. *Id.* ¶ 22. ICE also confirmed that all information not exempted from disclosure by FOIA exemptions 5, 6, 7(C), and 7(E) was correctly segregated and released to Stevens. *Id.* ¶ 23. ICE did not withhold any non-exempt information on the grounds it was non-segregable. *Id.*

ICE subsequently prepared a *Vaughn* index[1] describing each redaction and the applicable exemption in the first 150 pages of two productions ICE made to Stevens, as agreed to by the parties. *Id.* ¶ 24. The redactions and applicable exemptions described in the *Vaughn* index ICE has prepared are representative of those in the remaining documents ICE produced to Stevens in response to her FOIA request. *Id.* ¶ 25.

## Legal Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Stevens v. U.S. Dep't of Homeland Sec.*, 13 C 3882, 2014 WL 5796429, at *4 (N.D. Ill. Nov. 4, 2014) (citing Fed. R. Civ. P. 56(a)). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). Once the moving party has met its burden,

---

[1] *See Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C. Cir. 1973) (requiring government agencies to provide courts with a "relatively detailed analysis" of records that are withheld pursuant to FOIA exemptions).

4

the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001).

Because the question in FOIA cases often involves whether certain undisputed actions by an agency violated statutory requirements, FOIA cases typically are resolved on summary judgment. *See Bassiouni v. C.I.A.*, 02 C 4049, 2004 WL 1125919, at *2 (N.D. Ill. Mar. 31, 2004) (citing *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)). As a result, the court's review is limited to determining whether the agency (1) improperly (2) withheld (3) agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (judicial remedial authority dependent on agency violation of all three components).

Here, ICE's motion for summary judgment should be granted if it provides the court (and Stevens) with affidavits, declarations, or other evidence showing that it conducted an adequate search for records and that any located, responsive documents were produced or are exempt from disclosure. *See Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) ("Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden"); *Stevens*, 2014 WL 5796429 at *4 ("The Court may grant summary judgment in favor of the agency in a FOIA case 'only if the agency affidavits describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed.'") (quoting *Patterson v. I.R.S.*, 56 F.3d 832, 836 (7th Cir. 1995)). Critically,

agency submissions in support of a motion for summary judgment should be "accorded a presumption of good faith." *Demma v. U.S. Dep't of Justice,* 93 C 7296, 1996 WL 11932, at *3 (N.D. Ill. Jan. 10, 1996) (citing *Carney*, 19 F.3d at 812).

## Argument

ICE is entitled to summary judgment in this case. As evidenced in the accompanying declaration and *Vaughn* index, ICE conducted an adequate search for documents responsive to Stevens's FOIA request and properly withheld information in the records pursuant to FOIA exemptions 5, 6, 7(C), and 7(E). Furthermore, ICE released all reasonably segregable information from the responsive records.

## I.     ICE Conducted an Adequate Search for Responsive Records.

ICE has satisfied its burden on summary judgment because it has demonstrated that it made a "good faith effort" to conduct a "search reasonably calculated to uncover all relevant documents." *Hart v. F.B.I.*, 95 C 2110, 1996 WL 403016, at *2 (7th Cir. July 16, 1996). In response to Stevens's FOIA request, ICE identified OPLA and ERO as the only program offices likely to have records responsive to the request and instructed the two offices to search for and provide all responsive records to the ICE FOIA office for review and processing. SMF ¶ 17. OPLA thereafter collected and provided to the ICE FOIA office correspondence and any accompanying attachments from the attorneys who drafted citizenship-claim memoranda from January 1, 2017, to about mid-May 2017, as requested in Stevens's FOIA request, as well as correspondence and accompanying attachments from the OPLA shared-email inbox for U.S. citizenship claims. *Id.* ¶¶ 18-19. Furthermore, because ERO would not have any responsive documents that differed from the responsive documents OPLA had collected in response to Stevens's request, it deferred to OPLA to provide the responsive documents to the ICE FOIA

6

office. *Id.* ¶ 20. The ICE FOIA office processed these responsive documents, and all non-exempt information in the documents was released to Stevens. *Id.* ¶¶ 21-23. These efforts were more than reasonable, as evidenced by the fact that Stevens is not challenging the adequacy of the search, and ICE has thus fully complied with its FOIA obligation.

## II.    No Information Was Improperly Withheld under the FOIA.

The FOIA requires an agency to release responsive information unless it is protected from disclosure by one or more of the Act's nine exemptions. 5 U.S.C. § 552(b); *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 150-51 (1989). The agency bears the burden of demonstrating that any withheld information falls into one or more of those exemptions. 5 U.S.C. § 552(a)(4)(B); *Natural Res. Defense Council, Inc. v. Nuclear Regulatory Comm'n,* 216 F.3d 1180, 1190 (D.C. Cir. 2000).

Here, ICE processed the responsive records in accordance with the FOIA's requirements and withheld information pursuant to FOIA exemptions 5, 6, 7(C), and 7(E). As shown below, ICE properly invoked these exemptions.

### A.  ICE Properly Withheld Privileged Information Under Exemption 5.

ICE correctly asserted Exemption 5 to withhold privileged information from Stevens relating to the agency's analysis of U.S. citizenship claims. Exemption 5 protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). To qualify for this exemption, a document must fall within the ambit of the traditional privileges that the government could assert in civil litigation against a private litigant and excludes those privileged documents from the FOIA's reach. *Enviro Tech Int'l, Inc. v. E.P.A.*, 371 F.3d 370, 374 (7th Cir. 2004). Three traditional privileges covered under Exemption 5 are the attorney-client privilege, the attorney

work-product privilege, and the deliberative-process privilege. *Barmes v. I.R.S.,* 60 F. Supp. 2d 896, 901 (S.D. Ind. 1998) (citing *N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 149 (1975)). ICE withheld information under all three privileges.

### 1.  Attorney-Client Privilege

The attorney-client privilege protects "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." *Pub. Employees for Envtl. Responsibility v. E.P.A.,* 213 F. Supp. 3d 1, 22 (D.D.C. 2016). In the FOIA context, "the agency is the 'client' and the agency's lawyers are the 'attorneys' for the purposes of attorney-client privilege." *Judicial Watch, Inc. v. U.S. Dep't of Treasury,* 802 F. Supp. 2d 185, 200 (D.D.C. 2011). To be privileged, the "communication must be 'for the purpose of securing *primarily* either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding.'" *Muttitt v. Dep't of State,* 926 F. Supp. 2d 284, 308-09 (D.D.C. 2013) (quoting *In re Grand Jury,* 475 F.3d 1299, 1304 (D.C. Cir. 2007)).

Here, the information protected from disclosure under the attorney-client privilege are confidential communications between agency attorneys and their client (ICE officers and agents such as ERO personnel) about the citizenship status of individuals encountered by ICE. SMF ¶ 22 (Pavlik-Keenan Decl. ¶¶ 47-48; *Vaughn* index at 3-5). Specifically, ERO personnel seek and are provided legal evaluations and advice from OPLA attorneys about U.S. citizenship claims based on information that is provided to these attorneys about individuals in ICE custody. *Id.* Such communications, which include memoranda and emails, between the agency and its attorneys are plainly covered by the attorney-client privilege and disclosing them would have a chilling effect on the agency's confidence in seeking candid legal advice, which is precisely what the attorney-client privilege is intended to protect. *Id.* (Pavlik-Keenan Decl. ¶¶ 11, 29); *Jordan v. U.S. Dep't*

*of Labor,* 273 F. Supp. 3d 214, 231 (D.D.C. 2017) ("[C]onfidential disclosures between an attorney and her client regarding factual and legal matters are certainly protected by attorney-client privilege . . . ."); *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981) (the purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.").

### 2. Attorney Work-Product Privilege

The attorney work-product privilege applies to materials prepared in anticipation of foreseeable litigation. *Barmes,* 60 F. Supp. 2d at 901 (citing *Schiller v. N.L.R.B.*, 964 F.2d 1205, 1208 (D.C. Cir. 1992)). The privilege protects both factual and deliberative matters because the "risk is apparent that an attorney's discussion of factual matters may reveal his or her tactical [or] strategic thoughts." *Conservation Force v. Jewell,* 66 F. Supp. 3d 46, 65 (D.D.C. 2014).

Given the sensitive nature of the rights involved in a U.S. citizenship claim and in the inadvertent detention of a U.S. citizen, ICE attorneys prepared the records that are responsive to Stevens's FOIA request with the belief that future litigation was a real possibility. SMF ¶ 22 (Pavlik-Keenan Decl. ¶¶ 45-46; *Vaughn* index at 3-5); *Nat'l Ass'n of Criminal Def. Lawyers v. U.S. Dep't of Justice Executive Office for U.S. Attorneys,* 844 F.3d 246, 251 (D.C. Cir. 2016) (for the attorney work-product privilege to apply, "the attorney who created the document must have 'had a subjective belief that litigation was a real possibility,' and that subjective belief must have been 'objectively reasonable.'") (quoting *In re Sealed Case,* 146 F.3d 881, 884 (D.C. Cir. 1998)). ICE consequently withheld information in the responsive records prepared by its attorneys as well as intra-agency communications discussing the information in these records because the information constitutes attorney insight about the citizenship status of individuals encountered by

ICE, which may be and has been subject to future litigation in immigration and federal court. *Id.* This information clearly is covered by the work-product doctrine, and ICE properly withheld it from Stevens.

### 3.     Deliberative-Process Privilege

The deliberative-process privilege protects "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Loving v. U.S. Dep't of Defense*, 550 F.3d 32, 38 (D.C. Cir. 2008). To qualify for the deliberative-process privilege, the information must satisfy two prongs: (1) it must be "predecisional," meaning the material must be antecedent to the adoption of an agency policy; and (2) it must be "deliberative," meaning the material reflects the give-and-take of the consultative process. *Reilly v. U.S. Dep't of Energy*, 07 C 995, 2007 WL 4548300, at *4 (N.D. Ill. Dec. 18, 2007). The inclusion of this privilege within Exemption 5 reflects "the legislative judgment that the quality of administrative decision-making would be seriously undermined if agencies were forced to 'operate in a fishbowl' because the full and frank exchange of ideas on legal or policy matters would be impossible." *Tax Analysts v. I.R.S.*, 117 F.3d 607, 617 (D.C. Cir. 1997). Further, considerable deference should be given to the agency's judgment as to what constitutes the give-and-take of the deliberative process because the agency is best situated "to know what confidentiality is needed 'to prevent injury to the quality of agency decisions.'" *Chem. Manufacturers Ass'n v. Consumer Prod. Safety Comm'n*, 600 F. Supp. 114, 118 (D.D.C. 1984) (quoting *Sears, Roebuck & Co.*, 421 U.S. at 151).

Here, the information protected from disclosure under the deliberative-process privilege were internal discussions, deliberations, and recommendations (and drafts of such records)[2]

---

[2] *Nat'l Sec. Counselors v. C.I.A.,* 206 F. Supp. 3d 241, 278 (D.D.C. 2016) ("Judges on this Court have repeatedly held that drafts may be withheld under Exemption 5 where the withholding

between and amongst ICE attorneys and personnel regarding U.S. citizenship claims made during the stated timeframe in Stevens's FOIA request. SMF ¶ 22 (Pavlik-Keenan Decl. ¶¶ 42-44; *Vaughn* index at 3-5). In particular, these communications contemplate the appropriate agency response to citizenship claims for individuals encountered by ICE and require vigorous research and multi-divisional concurrence. *Id.* The communications are pre-decisional in nature because they were prepared in order to assist agency personnel in reaching a final decision about a citizenship claim, and are also deliberative because the facts and options discussed in the communications are selective in nature and highlight the portions of the record that were deemed pertinent to the ultimate recommendation and decision on the citizenship claim. *Id.* ICE thus properly withheld this information from Stevens.

### B. ICE Properly Withheld Information under Exemption 6.

ICE properly redacted names and other personally identifying information pursuant to Exemption 6, which protects information located in personnel, medical, or similar files when its release would be a "clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). "Similar files" under the exemption includes government records containing information that applies to a particular individual. *Lepelletier v. F.D.I.C.*, 164 F.3d 37, 46 (D.C. Cir. 1999). Importantly, *any* disclosure that applies to a particular individual meets the threshold requirement for protection under Exemption 6. *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982) ("When disclosure of information which applies to a particular individual is sought from Government records, courts must determine whether release of the information would constitute a clearly unwarranted invasion of that person's privacy.").

---

agency carries its normal burden of demonstrating that withheld materials are both predecisional and deliberative.").

In order to determine whether the release of information constitutes a "clearly unwarranted invasion of personal privacy," the court should balance the interests of protecting an individual's private affairs from unnecessary public scrutiny with the public's right to governmental information. *Lepelletier*, 164 F.3d at 46. However, the *only* relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would shed light "on the agency's performance of its statutory duties" or otherwise let citizens known what their government is up to. *Id.* (citing *U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495-97 (1994)).

The portions of the records ICE withheld under Exemption 6 contain names or other identifying information of third parties and ICE employees. SMF ¶ 22 (Pavlik-Keenan Decl. ¶¶ 52-61; *Vaughn* index at 2-4). For instance, ICE withheld identifying information such as signatures, contact information, biometric information, case history, and immigration status. *Id.* It is well-settled that the redaction of such information is proper under Exemption 6. Individuals have a "significant" privacy interest in the nondisclosure of personal information that would subject them to embarrassment, harassment, or retaliation. *Banks v. U.S. Dep't of Justice*, 813 F. Supp. 2d 132, 142 (D.D.C. 2011); *Associated Press v. U.S. Dep't of Justice,* 549 F.3d 62, 65 (2d Cir. 2008) (holding that personal information such as name and address has been found to implicate a privacy interest cognizable under the FOIA exemptions). ICE also withheld certain other facts surrounding personally identifiable information in the records that could be used to determine the identity of U.S. citizenship claimants in ICE custody, such as the location of arrest, date of arrest, and prior immigration history, since indirect disclosure of these claimants' identities would similarly violate the spirit of Exemptions 6 and 7(C), as discussed below. SMF ¶ 22 (Pavlik-Keenan Decl. ¶ 58; *Vaughn* index at 2-4). Importantly, Stevens has not shown how releasing any

12

of this information would add in any way to the public's knowledge of the agency's fulfillment of its statutory duties. *Nat'l Archives and Records Admin. v. Favish,* 541 U.S. 157, 172 (2004) (burden is on the requester to demonstrate a sufficient public interest for disclosure); *Fed. Labor Relations Auth.*, 510 U.S. at 494-99 (releasing personal information of third parties and agency employees does not "contribut[e] significantly to public understanding of the operations or activities of the government."). Absent such a showing, ICE properly withheld this information under Exemption 6.

### C. ICE Also Properly Withheld Personally Identifiable Information under Exemption 7(C).

Like Exemption 6, Exemption 7(C) also guards against invasions of privacy by protecting from disclosure records or information compiled for law enforcement purposes when the information's release "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(C)—the law enforcement counterpart to Exemption 6—thus similarly necessitates a balancing of the relevant individuals' right to privacy against the public's right to access to information in government files. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 762 (1989). Importantly, while the balancing test is applied to both Exemption 6 and 7(C), Exemption 7(C) is *more* protective of privacy than Exemption 6 and thus establishes a lower bar for withholding material. *100Reporters LLC v. U.S. Dep't of Justice,* 248 F. Supp. 3d 115, 158-59 (D.D.C. 2017) (citing *Prison Legal News v. Samuels,* 787 F.3d 1142, 1146 n.5 (D.C. Cir. 2015)).

In this case, ICE invoked Exemption 7(C) to protect the names and other identifying information of third parties and ICE employees. SMF ¶ 22 (Pavlik-Keenan Decl. ¶¶ 52-61; *Vaughn*

13

index at 2-4).[3]   Exemption 7(C) protects such information for *all* individuals mentioned in law

enforcement records, including investigators and suspects. *Hodge v. F.B.I.*, 703 F.3d 575, 580-81

(D.C. Cir. 2013). The exemption withholds this information because it "recognizes the stigma

potentially associated with law enforcement investigations" and consequently affords broader

privacy rights to individuals mentioned in investigatory records. *Higgins v. U.S. Dep't of Justice*,

919 F. Supp. 2d 131, 148 (D.D.C. 2013). Notably, the third parties mentioned in these law

enforcement records did not consent to the disclosure of their personally identifiable information.

SMF ¶ 22 (Pavlik-Keenan Decl. ¶¶ 57, 61). Thus, "unless access to the names and addresses of

private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to

confirm or refute compelling evidence that the agency is engaged in illegal activity, such

information is exempt from disclosure." *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1206

(D.C. Cir. 1991); *see also Fitzgibbon v. C.I.A.*, 911 F.2d 755, 768 (D.C. Cir. 1990) (holding that

names and other identifying information of individuals rarely contribute to the public interest for

there "is no reasonably conceivable way in which the release" of one individual's name would

allow citizens "to know what their government is up to."). Because no real public interest would

be served by release of this information, and because there exists significant privacy interests for

---

[3]   "To fall within Exemption 7, documents must first meet a threshold requirement: that the records were 'compiled for law enforcement purposes.'" *Pub. Employees for Envtl. Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 202-03 (D.C. Cir. 2014) (citing 5 U.S.C. § 552(b)(7)). Agencies classified as law enforcement agencies "receive deference to their assertion that documents were compiled for a law enforcement purpose." *100Reporters LLC,* 248 F. Supp. 3d at 159 (citing *Pratt v. Webster,* 673 F.2d 408, 418 (D.C. Cir. 1982)). Courts repeatedly have held that ICE is a law enforcement agency entitled to such deference. *E.g., Am. Immigration Counsel v. U.S. Dep't of Homeland Security,* 950 F. Supp. 2d 221, 245 (D.D.C. 2013) ("As Defendants correctly note, ICE is an agency specializing in law enforcement," and therefore its decision to invoke Exemption 7 is entitled to a measure of deference); SMF ¶ 22 (Pavlik-Keenan Decl. ¶¶ 49-51).

all of the individuals identified in these records, ICE correctly withheld this information under Exemption 7(C).

### D. ICE Properly Relied on Exemption 7(E) to Withhold Law Enforcement Information.

ICE also correctly invoked Exemption 7(E) to withhold information in responsive records relating to law enforcement techniques and procedures. Exemption 7(E) protects from disclosure law enforcement records to the extent that the production of such records or information "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Importantly, Exemption 7(E) sets a "low bar" for agencies to justify withholding: rather than "requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Hammouda v. U.S. Dep't of Justice*, 920 F. Supp. 2d 16, 25-26 (D.D.C. 2013) (citing *Mayer Brown LLP v. I.R.S.*, 562 F.3d 1190, 1194 (D.C. Cir. 2009)).

Here, while not arising in the agreed-upon 300 pages for which ICE prepared a *Vaughn* index, ICE applied Exemption 7(E) in a limited number of instances to protect from disclosure internal resource-location addresses ("URLs") for the OPLA case-management system. SMF ¶ 22 (Pavlik-Keenan Decl. ¶¶ 62-63). This information, which points to the system that OPLA uses to store, index, and communicate information on legal cases, could be used by persons seeking improper access to ICE legal and law enforcement sensitive data to navigate the case management system and compromise the integrity of the data either by deleting or altering the information. *Id.* Not surprisingly, information about these URLs is not readily known by the public, and its revelation may allow persons seeking to circumvent the law to take proactive steps to counter

15

operational and investigative actions. *Id.* Courts that have considered the applicability of Exemption 7(E) to this or similar type of information in other cases have consistently held that the information was compiled for law enforcement purposes and should not be disclosed under the FOIA. *See, e.g., Roseberry-Andrews v. U.S. Dep't of Homeland Sec.*, 16 C 63, 2018 WL 1307635, at **16-17 (D.D.C. Mar. 13, 2018) (agency properly withheld information under Exemption 7(E) about ICE databases, such as internal resource-location addresses and case numbers); *Miller v. U.S. Dep't of Justice*, 872 F. Supp. 2d 12, 28-29 (D.D.C. 2012) (permitting agency to withhold TECS numbers relating to procedures concerning use of law enforcement resources and databases as well as TECS case program and access codes because disclosing them "would expose a law enforcement technique, promote circumvention of the law by allowing criminals to conceal their activity, or allow fraudulent access to DEA's databases."). ICE's use of Exemption 7(E) to withhold law enforcement information relating to URLs should thus be upheld.

## III.   ICE Reasonably Segregated All Exempted Information.

Finally, ICE fulfilled its obligation under the FOIA to release all reasonably segregable, non-exempt information to Stevens in response to her FOIA request. FOIA provides that "[a]ny reasonably segregated portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). At the same time, however, "[i]f the proportion of nonexempt factual material is relatively small and is so interspersed with exempt material that separation by the agency and policing of this by the courts would impose an inordinate burden, the material is still protected because, although not exempt, it is not reasonably segregable[.]" *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 86 (2d Cir. 1979). Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable materials. *Stevens,* 2014 WL

5796429 at *9.  The court, however, must nonetheless make an express finding on the issue of segregability.  *Patterson,* 56 F.3d at 840 (remanding when district court made no finding as to segregability).

Here, each responsive page was carefully examined "line-by-line" by ICE to determine the non-exempt information that could be reasonably segregated and released.  SMF ¶¶ 22-23.  ICE did not withhold any non-exempt information on the grounds it was non-segregable; the only information ICE withheld from Stevens is that which is entitled to protection from disclosure.  *Id.* In light of this evidence, the presumption in favor of ICE, and the lack of evidence to rebut this presumption, ICE has met its burden of demonstrating that no segregable, non-exempt portions of the records were withheld and is entitled to such a finding.  *See Matter of Wade*, 969 F.2d 241, 246 (7th Cir. 1992) (stating that the veracity of the government's submissions regarding reasons for withholding documents should not be questioned without evidence of bad faith).

## Conclusion

For the foregoing reasons, summary judgment should be granted in favor of ICE.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Prashant Kolluri
PRASHANT KOLLURI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9085
prashant.kolluri@usdoj.gov

17