UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 2853 |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) | Judge Pallmeyer |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Introduction**

Plaintiff Jacqueline Stevens submitted a Freedom of Information Act request in February 2017 to the United States Immigration and Customs Enforcement ("ICE") seeking correspondence relating to the U.S. citizenship claims of individuals encountered by ICE. Stevens acknowledges in response to ICE's motion for summary judgment that the agency adequately searched for records responsive to her FOIA request and correctly withheld information pursuant to FOIA exemptions 5, 6, 7(C), and 7(E) in most of the records it released to her. Dkt. 29, Stevens Resp. at 2, n.1. Her sole remaining issue is that ICE improperly withheld under FOIA exemption 5 "finalized" U.S. citizenship memoranda that were responsive to her request. *Id.* at 2. But because each citizenship memorandum is prepared by an ICE attorney in anticipation of foreseeable litigation and includes attorney insight and recommendations about the citizenship status of individuals encountered by ICE, information in the memorandum is protected from disclosure under the attorney-client privilege and work-product doctrine and was thus properly withheld under FOIA exemption 5. Dkt. 24, ICE Summ. J. Mem. at 1-2, 7-10. Moreover, ICE also correctly

redacted names and other factual information about third parties and ICE employees from each citizenship memorandum in accordance with FOIA exemptions 6 and 7(C)—redactions that Stevens does not challenge in her response. *Id.* at 11-15. ICE therefore did not improperly withhold any information in response to Stevens's FOIA request and is entitled to summary judgment in this case.

## Argument

ICE correctly withheld privileged information in the citizenship memoranda pursuant to FOIA exemption 5. As previously stated, when an individual encountered by ICE makes an affirmative claim of U.S. citizenship or ICE personnel become aware of certain indicia of U.S. citizenship, an agency attorney working in conjunction with ICE officers and agents prepares a memorandum that assesses the individual's citizenship claim based on the information available to the agency at the time and recommends a course of action regarding removal proceedings against the individual. ICE Summ. J. Mem. at 1-2; Ex. A., Pineiro Decl. ¶¶ 6-9. The memorandum is then submitted to other ICE personnel (the Enforcement Removal Operations division and attorneys at ICE headquarters) for review and a final decision about the proper course of action. *Id.* The memorandum thus assists these ICE personnel from inadvertently initiating or continuing removal proceedings against a person who is a U.S. citizen, given that the agency's authority does not extend to detaining or removing American citizens. Pineiro Decl. ¶¶ 6-9. The memorandum is strictly for internal agency use only and is not generally shared with anyone outside the agency. *Id.* ¶ 14. Moreover, it is prepared by the agency attorney in anticipation of the individual's removal proceedings in immigration court as well as possible federal court litigation about the citizenship status of the individual. *Id.* ¶¶ 10-13; ICE Summ. J. Mem. at 4, 7-10. As a result, information in

each citizenship memorandum is clearly protected from disclosure under the attorney-client privilege and work-product doctrine.

Stevens incorrectly asserts that the work-product doctrine does not apply to the citizenship memoranda because they are not prepared in anticipation of litigation but in the ordinary course of business. Stevens Resp. at 6. The memoranda, however, are not created in the ordinary course of business for every individual who ICE encounters but *only* for those individuals who make an affirmative claim of U.S. citizenship or have certain indicia of citizenship. ICE Summ. J. Mem. at 1-2; Pineiro Decl. ¶ 11. Moreover, the individuals for whom citizenship memoranda are prepared are or likely will be subject to removal proceedings in immigration court. Pineiro Decl. ¶¶ 10-13. ICE attorneys also prepare the memoranda to help minimize future federal court litigation against the agency, such as when ICE is sued for detaining a U.S. citizen. *Id.* Thus, unlike in *Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice,* 823 F.2d 574 (D.C. Cir. 1987), which Stevens cites in her response, there is much more than the "dimmest expectation of litigation" at the time the citizenship memoranda are created. *Id.* at 586-87. In fact, litigation is a near certainty. Pineiro Decl. ¶¶ 10-13; *S.E.C. v. Goldstone,* 301 F.R.D. 593, 651 (D.N.M. 2014) (focus for the applicability of the work-product doctrine is whether the document in question was created with the "motivating purpose" of aiding in litigation or possible future litigation).

Stevens also erroneously contends that the citizenship memoranda are "at least partially disclosable" even though they are protected by the attorney-client privilege. Stevens Resp. at 6-7. None of her reasons has any merit. First, Stevens asserts that "purely factual material" in each memorandum is not covered by the attorney-client privilege. *Id.* But as ICE previously stated, it redacted the names and other factual information of third parties and ICE employees—signatures, contact information, biometric information, case history, immigration status, immigration history,

and arrest information—pursuant to FOIA exemptions 6 and 7(C) because disclosure of this information would constitute an invasion of these individuals' personal privacy. ICE Summ. J. Mem. at 11-15; Dkt. 30, Stevens Decl. ¶ 7, Ex. C. Stevens notably did not address these Exemption 6 and 7(C) redactions in her response and has thus forfeited any issue she may have had with them. *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 924 (7th Cir. 2007) (a "party forfeits any argument it fails to raise in a brief opposing summary judgment."). ICE also withheld factual information in the memoranda in accordance with the work-product doctrine, which recognizes the apparent risk "that an attorney's discussion of factual matters may reveal his or her tactical strategic thoughts." ICE Summ. J. Mem. at 9-10 (citing *Conservation Force v. Jewell,* 66 F. Supp. 3d 46, 65 (D.D.C. 2014)). Stevens similarly did not address these work-product redactions in her response.

Furthermore, that ICE did not redact some factual information in citizenship memoranda it produced to Stevens *eight* years ago in May 2010 in response to a prior FOIA request should not be dispositive here and does not preclude ICE from withholding exempt information from the memoranda at issue in *this* case. Stevens Decl. ¶ 3, Ex. A. With the increase in information available online about criminal histories, ancestral databases, and individuals' backgrounds, ICE now limits the factual information it releases in citizenship memoranda when responding to FOIA requests because this information can be used to identify U.S. citizenship claimants in ICE custody, which would violate their right to personal privacy. ICE Summ. J. Mem. at 11-15; Ex. B, Def.'s Response to Pl.'s Statement of Additional Facts ¶ 5. As a result, the *Vaughn* index ICE prepared in *this* case to describe the redactions and applicable exemptions in the records it released to Stevens fully explains the withholdings made to the "finalized" citizenship memoranda Stevens references in her response. Stevens Resp. at 2-3, n.2; ICE Summ. J. Mem. at 4; Def.'s Response to Pl.'s Statement of Additional Facts ¶ 5.

Next, Stevens mistakenly claims that the citizenship memoranda cannot be withheld because they constitute final agency positions. Stevens Resp. at 7. But the memoranda are *not* final agency positions; they are recommendations from an agency attorney to other ICE personnel about the citizenship claims of individuals in ICE custody based on the information known to the agency. ICE Summ. J. Mem. at 1-2; Pineiro Decl. ¶¶ 6-9. The final decision is made by these other ICE personnel; it is not made in the memoranda, as Stevens contends. *Id.* The memoranda therefore cannot be considered a "final opinion" that must be disclosed under the FOIA because the memoranda are "not the agency's final, unappealable decision not to pursue a judicial remedy in an adversarial dispute." *Rockwell Int'l Corp. v. U.S. Dep't of Justice,* 235 F.3d 598, 602-03 (D.C. Cir. 2001) (citing 5 U.S.C. § 552(a)(2)(A) and *Common Cause v. I.R.S.*, 646 F.2d 656, 659-60 (D.C. Cir. 1981)). Indeed, ICE plays *no* part in conferring U.S. citizenship; that "final opinion" is handled exclusively by the U.S. Citizenship and Immigration Services and U.S. Department of State. Pineiro Decl. ¶ 15. Rather, the memoranda at issue are prepared in anticipation of foreseeable litigation to assist ICE personnel from inadvertently initiating or continuing removal proceedings against a person who is an American citizen and thus are subject to withholding under FOIA exemptions 5, 6, and 7(C). Pineiro Decl. ¶¶ 6-9, 16-17; *Rockwell Int'l Corp.*, 235 F.3d at 603 (document that set forth "the conclusions of a voluntarily undertaken internal agency investigation" was not a "final opinion" subject to mandatory disclosure under 5 U.S.C. § 552(a)(2)(A)).

Finally, Stevens asserts without any legal support that the policy considerations underlying the attorney-client privilege are inapplicable in this case. Stevens Resp. at 7-8. She also claims that the prior disclosure of citizenship memoranda in May 2010 allowed her "to uncover significant flaws and shortcomings in ICE's process for determining claims to U.S. citizenship." Stevens

5

Resp. at 7-8; Stevens Decl. ¶¶ 2-5. Yet, Stevens conspicuously fails to identify a single flaw or shortcoming in ICE's process that warrants the partial disclosure of citizenship memoranda eight years later in this case, particularly when the increase in information available online can now be used to determine the identity of U.S. citizenship claimants in ICE custody. *Id.*; Pineiro Decl. ¶ 16; *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency*, 846 F. Supp. 677, 685 (N.D. Ill. 1994) (plaintiff may not argue in a general or conclusory fashion but must "wheel out all its artillery to defeat" summary judgment). Absent such evidence, the policy considerations of encouraging full and frank communication between attorneys and their clients and of guarding against invasions of personal privacy outweigh any need Stevens may have for information in the citizenship memoranda. ICE Summ. J. Mem. at 8-9, 11-15.

## Conclusion

For the foregoing reasons and the reasons stated in its summary judgment memorandum, ICE is entitled to summary judgment in this case.

                                    Respectfully submitted,

                                    JOHN R. LAUSCH, Jr.
                                    United States Attorney

                                By: s/ Prashant Kolluri
                                    PRASHANT KOLLURI
                                    Assistant United States Attorney
                                    219 South Dearborn Street
                                    Chicago, Illinois 60604
                                    (312) 886-9085
                                    prashant.kolluri@usdoj.gov