UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 2853 |
| | ) | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPORT AND RESPONSE TO ORDER TO SHOW CAUSE IN RE: MOTION FOR SUMMARY JUDGMENT**

As ordered by the Court (ECF #80 Page ID at 19), Plaintiff Stevens, though counsel of record, hereby submits the following Report and Response to the Order to Show Cause why ICE has improperly redacted and withheld the "legal analysis" and "conclusion and recommendation" sections in the finalized United States Citizenship Claims Memorandums [hereinafter 'USC Claim Memos'] subject to his FOIA litigation as follows:

**I.     The 'Legal Analysis' and "Conclusion and Recommendation" sections in the USC Claim Memos are not subject to Exemption 5.**

Exemption 5 applies to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. §552(b)(5). The U.S. Supreme Court has interpreted this provision to "exempt those documents, and only those documents that are normally privileged in the civil discovery context." *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).

1

Here, Defendant has invoked exemption 5 to shield from production documents it alleges are protected by the attorney work-product doctrine, attorney client privilege, and the deliberative-process privilege. Neither applies to the USC Claim Memos' section in question.

***First***, Plaintiff renews and incorporates *in toto* the arguments previously made regarding application of Exemption 5 in her Motion for Summary Judgment and in opposition to Defendant's Cross-Motion for Summary Judgment.

***Second***, Plaintiff submits that the deliberative process privilege does not apply to the challenged portions of the USC Claims Memos as a matter of law. The deliberative process privilege protects records which are **both** predecisional and deliberative. *See Elec. Frontier Found. v. DOJ*, 739 F.3d 1, 7 (D.C. Cir. 2014). A document is predecisional if it is "generated before the adoption of an agency policy" or a decision regarding a matter under adjudication. *See Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006). Here as ICE Directive 16001.2 makes clear OPLA attorneys must prepare a USC Claims Memo concerning every citizenship claim ICE receives. (ECF #74-1 [ICE Oct. 2019 L.R. 56.1 Stat.] ¶ 40; ICE Directive 16001.2 ¶ 5.1(2).) Every such memorandum must contain "a legal analysis of the . . . claim based on facts available to the agency at the time." (Id., Stat. ¶ 42.) It also must contain "a recommended course of action regarding removal proceedings." (*Id*.) "In the event [ERO HQ] or [the Immigration Law and Practice Division] require more information or further analysis, the OPLA attorney and an [Immigration Law and Practice Division] attorney work together to address those concerns." (ECF #74-1 Stat. ¶ 44.) "Once [ERO HQ] and the [Immigration Law and Practice Division] reach a decision, the memorandum is finalized . . . ." (*Id.* ¶ 45.) Here every challenged USC Claim Memo is such **a finalized decision** and thus by definition exempted from Exemption 5. If Defendant's argument is to be accepted it would allow the Government to rely of a "secret law"

in the immigration context that only ICE knows and applies without any scrutiny. *See Schlefer v. United States*, 702 F.2d 233, 243-44 (D.C. Cir. 1983). The USC Claim Memos in the challenged sections do not represent pre-decisional documents but "discuss established policies and decisions." *See Coastal States*, 617 F.2d 854, 868 (D.C. Cir. 1980); *see also Evans v. OPM*, 276 F. Supp. 2d 34, 40 (D.D.C. 2003) (holding that deliberative process privilege does not protect memorandum issued by OPM's Office of General Counsel that is "clear statement" of OPM's position on adoption of governmentwide hiring policy). Also, contrary to Defendant's prior arguments, it is well-settled that postdecisional "communications made after the decision and designed to explain it" cannot be withheld under FOIA. *See Sears, Roebuck & Co.*, 421 U.S. at 152. The Supreme Court explained**:**

> [B]oth Exemption 5 and the case law which it incorporates distinguish between predecisional memoranda prepared in order to assist an agency decisionmaker in arriving at his decision, which are exempt from disclosure, and postdecisional memoranda setting forth the reasons for an agency decision already made, which are not.

*See Renegotiation Bd. v. Grumman Aircraft*, 421 U.S. 168, 184 (1975)

Moreover, "[e]ven if the document is predecisional at the time it is prepared, it can lose that status if it is adopted, formally or informally, as the agency position on an issue[.]" *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d at 866.

**Third,** the attorney-work product doctrine also does not apply to the USC Claim Memos under consideration. Unlike the attorney-client privilege, which is also protected under Exemption 5, the attorney work product doctrine is limited to the context of litigation. *See Elec. Privacy Info. Ctr. v. DHS*, 384 F. Supp. 2d 100, 114 (D.D.C. 2005). Here, as the ICE Directive shows, the USC Claim Memos are prepared as a matter of regular or ordinary practice every time ICE officials have reason to believe they have in their custody someone who may be a U.S. citizen and are used for various subsequent and unrelated separate decisions by ICE, including

but not limited to whether to issue or rescind detainers, deportation or removal orders, or to release from custody individuals with probative claims of U.S. citizenship. (ICE Policy 16001.2, ¶¶ 1, 2, 3.2, 3.2.[sic].) None of these includes actual litigation or necessary anticipation of future litigation, especially when U.S. citizens are released immediately and not charged. (*Id*. ¶4, p. 6). Just because in some circumstances the USC Claim Memos may be relied upon in removal proceedings, ICE has not ordered their creation *in anticipation* of such removal proceedings. *Compare* ECF No. 67-1 at 12, ICE Policy 16001.2 ("Purpose/Background") *with* ECF No 69, ICE Memo at 14-16. Rather, they are issued, processed, and retained as a matter of an ordinary practice and under the authority of a mandatory directive that has been produced to the Court.

*Fourth***,** the attorney-client privilege similarly does not apply. Unlike private attorneys, attorneys for government agencies owe a duty to the public to ensure that laws are obeyed by their clients – governmental entities. Therefore, courts have recognized the need for special policy considerations when determining whether the attorney client privilege protects communications between a government agency and the agency's attorney. *See In re Lindsey* (Grand Jury Testimony), 158 F.3d 1263, 1272 (D.C. Cir. 1998); *In re Witness Before Special Grand Jury 2000-2*, 288 F.3d 289, 293-94 (7th Cir. 2002) (officeholders may not invoke the attorney-client privilege with regard to communications with government attorneys in the context of criminal grand jury proceedings). The same should apply to FOIA disclosures as the purpose of the Act is to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *See U.S. Dept of State v Ray*, 502 U.S. 164, 173 (1991)

Furthermore, to be and remain privileged under the attorney-client privilege, a communication must be made in confidence and kept confidential. The test is (1) whether the communicator, at the time the communication was made, intended for the information to remain

4

secret from non-privileged persons, and (2) whether the parties involved maintained the secrecy of the communication. *See Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 90 (3d Cir. 1992) (privilege protects verbal and written communications conveyed in confidence for purpose of legal advice); *In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989) (party must not be careless with confidentiality or the privilege will be waived). The client must not only have a subjective expectation of confidentiality, but that expectation must also be objectively reasonable. *See Scott v. Beth Israel Med. Ctr. Inc.,* 847 N.Y.S.2d 436, 440-41 (N.Y. Sup. Ct. 2007) (hospital's "no personal use" policy, hospital's policy of monitoring computer use, and physician's knowledge of these policies lessened any expectation of confidentiality concerning emails between physician and attorney). Here, Defendant had failed and will not be able to establish that as it pertains to the preparation and maintenance of the USC Claim Memos the relationship between ERO, OPLA and HQ is that of a client and an attorney. *Also,* the communication, to be protected, must be made in order to obtain or render legal advice. *Id*. Here, the USC Claim Memo sections for 'legal analysis' and 'conclusion and recommendation' do not provide legal advice to any client but represents the completion of the decisionmaking process of the official tasked with assessing a claim to United States citizenship made by an individual arrested or detained by ICE in order to insure the agency adheres to U.S. immigration law and the U.S. Constitution, and either stands as a final work product that has elicited no response or is finalized through affirmation or rejection upon review by HQ. (ECF #74-1 Stat. ¶ 44.)

    **II.    Even if Exemption 5 Applies Defendant Failed to Prove that It Segregated All Nonexempt Information.**

Even if any Exemption 5 privileges does apply, Defendant still must identify and release all segregable portions of exempt records because Exemption 5 "does not protect documents in their entirety" and "if the government can segregate and disclose non-privileged factual information within a document, it must." *See McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 709-10 (D.C. Cir. 2014) (citations and internal quotation marks omitted); *Mead Data Cent.*, 566 F.2d at 256 (only subjective, advisory material is privileged, and agencies must release all nondeliberative, factual material). Here Defendant failed to demonstrate that it segregated nonexempt information from any lawfully exempt records. *See McKinley*, 739 F.3d at 709-10 (Exemption 5 "does not protect documents in their entirety" and "if the government can segregate and disclose non-privileged factual information within a document, it must." (citations and internal quotation marks omitted)). In fact, here ICE appears to assert without elaboration that "all information" in the USC Claim Memos is not reasonably segregable because it is so intertwined with protected material that segregation is not possible, or its release would have revealed the underlying protected material." Such conclusory statements are simply inadequate as a matter of law. *Ctr. for Biological Diversity v. U. S. Marine Corps I*, 2003 U.S. Dist. LEXIS 26856, at *20 (where "Defendant has provided so little explanation of why factual material within the biological assessment cannot be segregated and released, the Court has no choice but to order Defendant to disclose the document to the Court for an *in camera* determination of whether Exemption 5 applies to the biological assessment in its entirety"); *Ctr. for Auto Safety v. U.S. Dep't of Treasury*, 133 F. Supp. 3d 109, 126-27 (D.D.C. 2015) (*Vaughn* index that simply provides "conclusory representation" that all segregable portions of redacted documents had been released, "ha[d] insufficient detail for the Court to determine whether the documents have been properly redacted," and agency was ordered to revise index). "At a minimum, [Defendants]

must identify and release all segregable portions of exempt records." *McKinley*, 739 F.3d at 709-10 (privilege "does not protect documents in their entirety" and "if the government can segregate and disclose non-privileged factual information within a document, it must") (internal quotation omitted).

Defendant's failure to prove that it segregated any nonexempt information from otherwise exempt records or portions of records is even more glaring here, where as explained above, the agency's own *Vaughn* Index repeatedly stresses the factual nature of the very information that the Index simultaneously claims as "deliberative." *See Enviro Tech.*, 371 F.3d at 374-75 (deliberative process privilege "typically does not justify the withholding of purely factual material . . . but it does apply to . . . factual matters inextricably intertwined with [predecisional policy discussions]"); *Mervin v. Fed. Trade Comm'n*, 591 F.2d 821, 826 (D.C. Cir. 1978) (recognizing that "an attorney's appraisal of factual evidence is attorney work-product exempted from disclosure by exemption 5," but stating that "the government cannot exempt pure statements of fact from disclosure by calling them attorney work-product"). Thus, because Defendant has failed to meet its burden to prove that their redactions pursuant to the deliberative process privilege are lawful the Plaintiff requests the Court to order Defendant to release all improperly withheld records in full.

**III.     As of the date of this filing Defendant has not produced the records Court ordered to be produced.**

In denying the Government's Motion for Summary Judgment the Court ordered ICE to "produc[e] all responsive documents located in that search, even if they are identical to documents OPLA produced." (ICE Reply 2.) The Court also ordered ICE to search the Law Enforcement Support Center records, including the database Stevens identified, for documents concerning the "four calls" ICE says it received "during the timeframe in question." (Pineiro

7

Decl. ¶ 30.)" (ECF #80). To date ICE has not produced any additional records. Therefore, Plaintiff respectfully requests that the Court order Defendant to produce all ERO records including the "four calls" forthwith.

Respectfully Submitted by
_____/s/ *Nicolette Glazer*_____
Nicolette Glazer Esq. CSB209713
Law Offices of Larry R Glazer
Watt Plaza
1875 Century Park East #700
Century City, CA 90067
T:310-407-5353
F:310-407-5354
nicolette@glazerandglazer.com

**CERTIFICATE OF SERVICE**
I hereby certify that on 31 January 2020 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all parties' registrants by operation of the Court's electronic filing system.

LAW OFFICES OF LARRY R. GLAZER
_____*s/ Nicolette Glazer Esq.*_____
Nicolette Glazer
