IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | |
| Plaintiff, | No. 17-cv-02853 |
| v. | Judge John F. Kness |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Defendant. | |

**ORDER**

The parties' cross-motions for clarification (Dkts. 99, 100) are denied without prejudice. So that the Court can review *in camera* the remaining materials at issue, Defendant must, within 14 days, deliver unredacted copies of the withheld materials to the Courtroom Deputy. Upon receipt of the materials, the Court will review them and issue a separate ruling as to whether the materials must be disclosed, either in whole or in part. See accompanying Statement for details.

**STATEMENT**

Before the Court are cross-motions (Dkts. 99, 100) to clarify the Court's earlier Memorandum Opinion and Order addressing the parties' earlier motions for summary judgment. The dispute centers around "USC Claims Memos"—essentially memoranda prepared by Defendant to prevent the agency from inadvertently detaining, or initiating removal proceedings against, U.S. citizens. (*See* Dkt. 80 at 2.) Plaintiff submitted a FOIA request to Defendant in 2017, seeking materials including those Memos. (*See id.* at 4−5.) When Defendant reported that it could not timely process her request, Plaintiff brought the present suit. (*Id.* at 5.)

On January 9, 2020, in the Memorandum Opinion at issue in the pending motions, the Court "denie[d] [Defendant's] cross-motion for summary judgment on the adequacy of its search and denie[d] in part [Defendant's] cross-motion for summary judgment that it ha[d] properly withheld information under FOIA Exemptions 5, 6, and 7(C)." (*Id.* at 19.) The Court ordered Defendant "to produce the responsive documents it located in its search of ERO [Enforcement Removal Operations] and conduct a limited search of the Law Enforcement Support Center

records," and directed Defendant "to reexamine the documents and, within 21 days, either produce additional material consistent with the principles articulated in this opinion or provide a supplemental *Vaughn* index and affidavit that address in detail the concerns the court has raised." (*Id.*) Defendant filed its supplemental declaration and *Vaughn* index on February 6, 2020. (Dkts. 85, 85-1.)

In its motion to clarify, Defendant explains that, in its view, it "has now produced to [Plaintiff] Stevens the responsive Law Enforcement Support Center records in its possession." (Dkt. 99 ¶ 3.) Defendant also explains that it has "collected the Enforcement Removal Operations documents that the court ordered it to produce, but the parties have agreed that ICE will wait to produce the Enforcement Removal Operations documents until the court rules on the outstanding redaction and withholding issues." (*Id.*) Defendant essentially seeks permission to redact and withhold some responsive materials in accordance with Exemptions 6 and 7(C) of FOIA. According to Defendant, "[r]eleasing th[e] factual information to Stevens (or anyone else) would pose a threat to the privacy interests of the claimants at issue in each memorand[um], because it would allow the claimants to be easily identified." (*Id.* ¶¶ 4–5.)

Defendant also seeks to clarify the Court's order regarding certain materials that Defendant seeks to withhold under Exemption 5 of FOIA, arguing that (1) "Stevens should be estopped from making [her argument that production is required] because she previously did not even purport to seek these sections of the claims memoranda," and (2) "the sections are protected by the attorney-client privilege, the attorney work product privilege, and the deliberative process privilege." (*Id.* ¶ 9.)

For her part, Plaintiff requests that the Court "order [Defendant] to release all [responsive] USC Claim Memos finalized during the time period covered by the FOIA request and to unredact all factual and otherwise unprotected portions of the records requested." (Dkt. 100 at 3.) In the alternative, Plaintiff requests that the Court "order the Government to file another Rule 56 motion to discharge its burden of proof under FOIA." (*Id.*)

To evaluate the strength of Defendant's arguments in support of redaction/withholding (and, by extension, Plaintiff's arguments that further production should be ordered), the Court will review the outstanding materials *in camera*. *See* 5 U.S.C. § 552(a)(4)(B) (contemplating *in camera* review); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1040 (7th Cir. 1998) (confirming the same). Within 14 days of entry of this order, Defendant is directed to deliver unredacted copies of the withheld materials to the Courtroom Deputy. The Court will then review those materials and issue a separate ruling as to whether those materials must be disclosed, either in whole or in part.

SO ORDERED in No. 17-cv-02853.

Date: March 31, 2022

_____
JOHN F. KNESS
United States District Judge