UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| Plaintiff, | ) | |
| | ) | case no: 17-cv-02853 |
| v. | ) | |
| | ) | Hon. Judge Kness |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, | ) | |
| Defendant. | ) | |

**Response to Defendant's Stay Motion**

---

**I.    DHS's Claim of "Lack of Appropriation" Does Not Constitute Good Cause or Sufficient Grounds to Stay the Court-Ordered post-Rule 56 FOIA Production in this case.**

In this 2017 FOIA case, on 18 February 2026, this Court resolved the outstanding production issues remaining after two rounds of substantive motions and ordered that Defendant must produce the "contextual factual information contained within the "Statement of the Case" and "facts" sections of the U.S. Citizenship ("USC") memoranda subject to the request "within 60 days" of the Court's order. (ECF # 111). The production deadline is 20 April 2026.

On 24 March 2026, Defendant moved for a stay of the Court-ordered production deadline based on the 13 February 2026 'lapse of appropriation' that Defendant asserts have "furloughed" the entire ICE FOIA operations. (ECF # 112).

Two threshold issues should inform the Defendant's late and disingenuous request: First, a litigation stay, although equitable in nature, is an extraordinary remedy and should never be granted as of right. *See In re McKenzie*, 180 U. S. 536, 551 (1901); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

An injunction --the Court's order mandating production in this case, "is an order directed at someone and that governs that party's conduct." *Id.* By affecting the injunction in some way, "a stay operates upon the judicial proceeding itself." *Id.* (quoting *Nken*, 556 U.S. at 428). The Supreme Court has explained, that before a stay order issues, the stay applicant must make "a *strong* showing that she is likely to succeed on the merits"—not a showing that she is merely likely to succeed. *Nken*, 556 U.S. at 434

And second, an order mandating litigation deadlines "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarding by counsel without peril." *DAG Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992)); *see also S.E. C. v. Lipson,* No. 97 C 2661, 1999 WL 104357, at *2 (N.D.Ill. Feb.24, 1999) ("[T]his Court takes seriously the scheduling orders it issues—and so should the litigants.")); *Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.,* No. 09–cv–710–MJR, 2011 WL 2161106, at *3 (S.D.Ill. June 1, 2011) ("[D]eadlines have meaning and consequences.") (collecting cases); *Olgyay v. Soc'y For Envtl. Graphic Designs, Inc.*, 169 F.R.D. 219, 220 (D.D.C.1996) ("A scheduling order . . . is intended to serve 'as the unalterable road map (absent good cause) for the remainder of the case.'") (citation omitted).

Here, Defendant did not address either the *Nken* factors nor diligence, the main factor in a *good cause* determination inquiry where a party seeks to change or modify the previously imposed court deadline. *Id.* "If that party is not diligent, the inquiry should end." *DAG Enterprises*, 226 F.R.D. at 105 (quotations omitted).

Because DHS's assertion that it lacks sufficient appropriated funds to comply with the 18 February 2026 court order is neither good cause nor a legally sufficient ground for a stay, the motion should be denied.

A. *The request for stay should be denied for Defendant's failure to meet its burden.*

To obtain a stay pending appeal (or any other form of stay), ICE —as the moving party— must affirmatively satisfy all four *Nken* factors by clear and convincing evidence: (1) A strong likelihood of success on the merits; (2) that it will suffer irreparable injury absent a stay; (3) that issuance of the stay will not substantially injure the other parties interested in the proceeding (here, the FOIA requester who has already prevailed); and (4) that the public interest favors a stay. *Id.* at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Failure on any single factor dooms the motion. Courts apply these factors with special rigor in FOIA cases because the statute's core purpose—"broad disclosure" and "prompt" production, *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360–61 (1976)—would be undermined by routine or open-ended stays. DHS's bare assertion of "lack of appropriations" fails every *Nken* factor and cannot overcome the presumption that a prevailing FOIA requester is entitled to immediate enforcement of the court's ordered final production deadline. *See also* Stevens Decl.

B. *FOIA Imposes a Mandatory, Funding-Independent Duty That Courts are Charged with Enforcing.*

FOIA's text is unequivocal: agencies "shall make [records] promptly available to any person" who requests them, 5 U.S.C. § 552(a)(3)(A), and federal courts "have jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld." Id. § 552(a)(4)(B). Nothing in the statute conditions this obligation on the existence of a specific line-item appropriation earmarked for FOIA. Congress

in the "One Big Beautiful Bill Act" (OBBBA), separately funded ICE removal operations,[1] of which the Office of the Principal Legal Advisor ("OPLA") – the author and custodian of the USC memoranda—is a critical part. An agency's internal allocation decisions or claims of "insufficient" funding within those appropriations do not and cannot suspend a statutory duty that Congress itself created. *See Fiduccia v. U.S. Dept. of Justice*, 185 F.3d 1035, 1041 (9th Cir. 1999) ("So long as the Freedom of Information Act is the law, we cannot repeal it by a construction that vitiates any practical utility it may have . . . It may be that agency heads, such as the Attorney General in this case, be forced by the Freedom of Information Act to divert staff from programs they think more valuable to Freedom of Information Act compliance . . . But these policy concerns are legislative, not judicial, and we intimate no views on them. Congress wrote a tough statute on agency delay in FOIA compliance . . . .") (emphasis added).

But apart from availability of funds, in FOIA Congress established unequivocally when a stay of an agency's FOIA obligations are permitted: Under Section 552(a)(6)(C)(I), the Government may obtain a **stay** of proceedings "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C)(I). No showing of diligence has been made in this case: the records have already been identified, exemptions litigated, and liability resolved. Removing the

---

1 This funding not only ensures that ICE can continue operations but made the agency the beneficiary of $85 *billion* dollars over the next four years, making it the best-funded law enforcement agency in the country (and, presumably, in the history of the United States). *See* NPR, How ICE grew to be the highest-funded U.S. law enforcement agency (Jan. 21, 2026), https://www.npr.org/2026/01/21/nx-s1-5674887/ice-budget-funding-congress-trump. See also Ignacio Calderon and Lauren Villagran, "Congress May Have 'shut down' DHS, but ICE Has Money to Spare," USA TODAY, https://www.usatoday.com/story/news/politics/2026/02/23/congress-shutdown-dhs-immigration-ice-money/88765192007/.

redaction from the two sections, is an easy ministerial task that could be accomplished easily in either ICE or DOJ's electronic discovery platforms used for FOIA redaction. Defendant points to no effort to comply with the Court's order.

## II.     Budgetary Constraints Alone Do Not Excuse FOIA Compliance.

First, The Department of Justice's own guidance undermines the position asserted hy Defendant:

> *Agencies and requesters alike generally refer to the FOIA's time limits as "working days." Logically, then, they may conclude that during a time when FOIA Offices had no choice but to be closed because of the lapse in funding, those days when employees were furloughed were not "working" days and so should not be counted as part of the FOIA's response times. However, the FOIA statute only excludes Saturdays, Sundays, and federal holidays from response timelines. Accordingly, and as consistent with agency practice during prior lapses in appropriations, agencies should count as part of their response times for FOIA requests and appeals the twenty-nine days when the government was closed, which excludes all Saturdays, Sundays, and the legal public holidays that occurred during the lapse in appropriations.*

*See Office of Information Policy, U.S. Department of Justice, Calculating FOIA Response Times after the 2025 Government Shutdown, November 18, 2025, available at*

*https://www.justice.gov/oip/oip-guidance/calculating-foia-response-times-after-2025-government-shutdown.* If the response time is not affected by a Lapse of Appropriations, so should the ability of Defendant to comply with a court ordered deadline. Especially since the Department of Justice's own settled legal interpretation holds that court-ordered deadlines "constitute express legal authorization for the [agency] activity to continue" during a lapse in appropriations. See U.S. Dep't of Just., FY2026 Contingency Plan, 2-3 (Sept. 29, 2025), https://perma.cc/4B3Q-H5S2. The same principles apply in this case involving a court-ordered production of already-identified records.

Second, courts have rejected Defendant's lack of funding stay requests. *See*

*Stevens v. United States Health and Human Services et al., 1:22-cv-05072,* (Dkt 111), (Mar. 18,

2026) (Kennelly, Matthew F.) (denying Customs and Border Protection a stay due to current

lapse of appropriations); *Democracy Forward Foundation v. U.S. Department of Homeland*

*Security*, 1:25-cv-04089 (AHA) (Mar. 17, 2026 Minute Order), (D.D.C. filed Nov. 21, 2025

(denying DHS's motion for a stay and ordering ICE to search and collect potentially responsive

records within four days); *Women's Refugee Commission v. United States Department of*

*Homeland Security*, 1:25-cv-07982, ECF No. 28 (S.D.N.Y. filed Sept. 25, 2025) (March 16,

2026 order denying a DHS motion to stay that advanced a substantially similar set of arguments

as those of the Defendant.); *Robert F. Kennedy Human Rights et al. v. United States Department*

*of Homeland Security,* 1:25-cv-06541 (JMF), ECF No. 35 (S.D.N.Y. filed Aug. 8, 2025) (March

24, 2026 order requiring DHS to continue producing records it had already agreed to produce.);

*Carolina Migrant Network, et al. v. Immigration and Customs Enforcement*, 3:26-cv-00028

(MOC) (W.D.N.C. March 31, 2026) (Order denying stay and granting continuance to require

Defendant to respond to Plaintiffs' complaint); *see also Public.Resource.org v. United States*

*Internal Revenue Serv*., 78 F. Supp. 3d 1262, 1266 (N.D. Cal. 2015)("The fact that an agency

may be under significant financial distress because it is underfunded does not excuse an agency's

duty to comply with the FOIA."); *Mississippi v. Turner,* 498 U.S. 1306, 1306–07 (1991) ("[T]he

State of Mississippi must choose between hiring more attorneys and taking fewer appeals. Its

budget allocations cannot . . . alter this Court's filing requirements.").

Third, further delay irreparably prejudices Plaintiff by withholding court-ordered

documents in a case now entering its ninth year, frustrating FOIA's mandate of prompt access to

government records and severely prejudicing Plaintiff's work. See Stevens Decl. Granting a stay would violate the expressed will of Congress to afford public oversight of ICE and other agencies, an outcome especially outrageous in light of the appropriations battle reflecting Congressional concerns about ICE's unlawful conduct.[2]

***

For the reasons stated above the Motion for Stay should be denied.

Dated: 31 March 2026

Respectfully submitted,

_____
Nicolette Glazer Esq. (CSBN 209713)
Law Offices of Larry R Glazer
2121 Avenue of the Stars East #800
Century City, California 90067
T:310-407-5353
F:310-407-5354
nicolette@glazerandglazer.com

ATTORNEY FOR PLAINTIFF

---

[2] Agence France-Presse, "US House Passes Stopgap DHS Funding Bill after Republicans Reject Senate Deal," *The Guardian*, March 28, 2026, https://www.theguardian.com/us-news/2026/mar/28/us-house-stopgap-dhs-funding-bill-republicans-senate.