UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACQUELINE STEVENS,                   )
                                      )
                    Plaintiff,        )
                                      )
              v.                      )     No. 17 C 2853
                                      )
U.S. DEPARTMENT OF HOMELAND           )     Judge Kness
SECURITY, IMMIGRATION AND             )
CUSTOMS ENFORCEMENT,                  )
                                      )
                    Defendant.        )

**REPLY IN SUPPORT OF MOTION TO STAY CASE**

**Introduction**

Nothing in plaintiff Jacqueline Stevens's response to defendant ICE's motion to stay this case presents a reason to deny the motion. ICE cannot comply with the court's February 2026 order during the current lapse in appropriations, and the court should stay the case until the lapse ends.

**Argument**

The current lapse in appropriations is unquestionably an "exceptional circumstance" over which ICE has no control. 5 U.S.C. § 552(a)(6)(C)(i). There is no measure of diligence available to ICE that would permit it to overcome this barrier. And none of Stevens's arguments present a reason to believe otherwise.

Stevens argues that a stay is an "extraordinary remedy," and she cites case law instructing that a party seeking a stay of an injunctive order *pending appeal* must show a strong likelihood of success on the merits of the appeal. Resp. at 1-2. That case law has nothing to do with this situation: ICE is not seeking a stay of the court's order directing it to un-redact certain material so

that the order can be reviewed by the Seventh Circuit. Rather, ICE is simply asking that its deadline to comply be stayed during the current lapse in appropriations. There is no need to engage in the "*Nken* factors" that Stevens spends pages discussing. (Again, they would be relevant only in the context of a request to stay an order *pending appeal*.)

Stevens also accuses ICE of seeking to "cavalierly" disregard the court's deadlines. Resp. at 2. But filing a formal motion to stay a court-ordered deadline is actually the opposite of "cavalierly" disregarding a court-ordered deadline. And ICE is not aware of any legal authority that could permit it to ignore the current funding lapse and force furloughed FOIA employees to voluntarily perform work without violating the Anti-Deficiency Act, 31 U.S.C. §§ 1341-1342. *See* Office of Personnel Management, "Guidance for Shutdown Furloughs"[1] at 5 (furloughed employee may not voluntarily work on a non-pay basis during a shutdown furlough); *see also* Mot. at Ex. A (Clark Decl.) ¶ 12 (all ICE FOIA employees have been furloughed since February 13, 2026).

Stevens also calls ICE's motion "late," which is presumably a reference to the fact that ICE filed its motion on March 24, more than a month after the court's February 18 order. Resp. at 1. But one can imagine that if ICE had filed its motion immediately—many weeks ahead of the court's April 20 production deadline—Stevens would have responded that the motion was premature because the funding lapse might end with sufficient time for ICE to comply. (Needless to say, the lapse has not ended.)

Finally, the court should not lose sight of the bigger picture. This case has been litigated over several years. A comparatively short delay in ICE's production following the court's

---

[1] *Available at* https://www.opm.gov/policy-data-oversight/pay-leave/furlough-guidance/guidance-for-shutdown-furloughs-1-30-2026.pdf.

February 2026 order does not seem massively consequential in light of the extenuating circumstances.

## Conclusion

For the above reasons, and for the reasons in ICE's motion, ICE requests that the court stay this case and direct ICE to provide the court with a proposed production schedule within 14 days of the end of the DHS shutdown.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov