**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACQUELINE STEVENS<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Case No. 17 C 2853<br><br>Hon. Judge Kness |

**PLAINTIFF'S STATEMENT REGARDING**
**ENTRY OF JUDGMENT AND PRODUCTION SCHEDULE**

The parties agree the Court should enter final judgment in Plaintiff's favor and against ICE. Dkt. 126 at 6. Their remaining point of disagreement centers on the rate at which ICE must comply with that final judgment.

Perhaps acknowledging the indefensibility of its "normal," default proposal of 500 pages (reviewed) per month, ICE proposes 750 pages per month instead. In search of a legal rationale that would justify this result, the agency relies on the Freedom of Information Act (FOIA)'s pre-suit, pre-final judgment timing provision governing requests granting expedited processing. Dkt 126 at 4-6 (citing 5 U.S.C. § 552(a)(6)(E)(iii)'s practicability requirement).

Two separate FOIA provisions foreclose this result. First, because this is a constructive exhaustion case, the Court's "jurisdiction to allow the agency additional time to complete its review of the records" turns on whether ICE can demonstrate exceptional circumstances–which do not include an expected increase in FOIA requests, *cf.* Dkt 126 at 8-14, Declaration of Fernando Pineiro–and due diligence in processing the specific request at issue. ICE has made neither showing. 5 U.S.C. § 552(a)(6)(C)(i). Consequently, Congress has not vested this Court

with discretionary jurisdiction to grant the agency more time to comply with the judgment Stevens first began seeking in 2017.

Second, the entirety of ICE's declaration seeking to defend a slight upward departure from its "normal pace" of 500 page-per-month offers no evidence or timely, actual notice of the "statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;" "administrative staff manuals and instructions to staff that affect a member of the public" on which this "normal practice is based." 5 U.S.C. §§ 552(a)(2)(B)-(C). ICE provides no statutory or regulatory justification for this 500-pages-per-month practice. It cannot even point to a published staff or policy manual that purportedly establishes this practice. The plain text of FOIA not only fails to support its position in any way, but more importantly, Congress specifically rejected this approach of relying on arbitrary policies, particularly ones it has not shared with the public. FOIA expressly prohibits agencies from using secret law or policy, and imposes a specific sanction for doing so:

> A final order, opinion, statement of policy, interpretation, or staff manual or instruction that affects a member of the public may be relied on, used, or cited as precedent by an agency against a party other than an agency *only* if—
>
> **(i)** it has been indexed and either made available or published as provided by this paragraph; or
> **(ii)** the party has actual and timely notice of the terms thereof.

5 U.S.C. § 552(a)(2)(E) (emphasis added). ICE's entire argument for claiming it should have several more months to comply with the judgment turns on its decision to slightly improve on an already unlawful practice and fails on the plain text of the statute.

While these two provisions of FOIA are controlling and dispositive, a third is relevant as well, and applies with equal force. Specifically, Congress expects agencies to make records "promptly available" after determining they are subject to release. 5 U.S.C. § 552(a)(3); 5 U.S.C.

§ 552(a)(6)(C)(i). ICE has violated this provision several times over. Stevens filed this case three presidential administrations and 9 years ago. By contrast, Congress expected agencies to comply with FOIA requests within days or weeks, not months or years. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 404 U.S. App. D.C. 275, 711 F.3d 180, 187 (2013). Courts within this District and across the country have told ICE as much. *See, e.g.*, *Stevens v. HHS*, 666 F. Supp. 3d 734, 748-59 (N.D. Ill. 2023) ("And it is hard to swallow the proposition that an agency may, by its decisions on how to allocate resources, effectively make FOIA's expedited processing provision a dead letter.") *Stevens v. ICE*, No. 21-2232, 2024 WL 4433709 (N.D. Ill. Oct. 7, 2024) (Alexakis, J.) (ordering 1000 pages per month); *Los Angeles Times v. DHS*, No. 2:20-cv-10911-FLA (MRWx), 2022 U.S. Dist. LEXIS 239554 (C.D. Cal.) ("Defendants' counterproposal would require nearly two years of additional review, Defendant' failure to articulate good cause for their failure to respond to Plaintiff's requests or for their proposed slower pace of review, and the seriousness of the underlying allegations regarding the sexual and other abuse" justified an order to process at least 3,000 pages per month). *See also Open Soc'y Just. Initiative v. CIA*, 399 F. Supp. 3d 161, 168 (S.D.N.Y. 2019) (holding "a 5,000-page-per-month review pace' was 'practicable' within the meaning of FOIA and observing "DOD's decision to thus far deny itself the technologic capacity to speed its review cannot dictate the Court's assessment of the review pace that is 'practicable' under FOIA.")

In sum, ICE's made-up, unpublished, likely unlawful of metering FOIA requests to 500 pages per month, through which it justifies its equally unlawful 750 page-per-month proposal, cannot be used or considered against Plaintiff, and even if it could, the agency's failure to *ever* seek a statutory *Open America* stay in this case deprives this Court of jurisdiction to do what the agency asks: allow the agency additional time to complete its review of records. Rather than

seeking sufficient funds to fully comply with the statute, ICE seeks, once again, to kick the can down the road–this time with the judicial imprimatur of a court-sanctioned post-judgment processing schedule. ICE's refusal to fully fund its FOIA office and comply with the statute's timing provisions is not the problem of this Court or Plaintiff. It is a problem of the agency's own making, borne of a decades-long allergy to government transparency, accountability, and statutory compliance. This Court should order the agency to complete its review and production of relevant records within no more than 60 days. FOIA requires more from ICE. It has had nearly a decade to bring itself into compliance, thousands of business days in excess of what the statute contemplates. If FOIA requesters "must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them." *Niz-Chavez v. Garland*, 141 S.Ct. 1474, 1486 (2021).

Date: May 28, 2026

Respectfully submitted,

By: /s/ Daniel Melo
Daniel Melo
The Melo Law Firm
NC Bar # 48654
2920 Forestville Road, Ste 100
PMB 1192
Raleigh, NC 27616
Tel: (919) 348-9213
dan@themelolawfirm.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served the foregoing filing with the Clerk of Court using the CM/ECF system, which will deliver a copy to all parties.

Dated: May 28, 2026

/s/ Daniel Melo